# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 21, 2013

No. 13-50162
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFONSO HUMBERTO GONZALEZ-MEDINA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2027-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Alfonso Humberto Gonzalez-Medina appeals the sentence imposed for his conviction for importation of 50 kilograms of more or marijuana. He contends that his sentence is substantively unreasonable because it was greater than necessary to accomplish the sentencing goals under 18 U.S.C. § 3553(a). The district court sentenced him to 30 months of imprisonment, the bottom of his advisory guidelines range, and three years of nonreporting supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Gonzalez-Medina's sentence was within his advisory guidelines range, his sentence is presumptively reasonable. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Gonzalez-Medina first contends that the presumption of reasonableness should not apply to within-guidelines sentences calculated under U.S.S.G. § 2D1.1, the guideline which applies to drug offenses such as his, because § 2D1.1 is not based on empirical data or sentencing research. That argument is foreclosed under circuit precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Next, Gonzalez-Medina argues that his 30-month sentence was substantively unreasonable because § 2D1.1 lacks an empirical basis, he was a first time offender with a limited role in a nonviolent drug crime, he became involved in the drug operation because of financial difficulties, the collateral consequences of his conviction included losing his Laser Visa card and becoming subject to removal from the United States, and his age made it unlikely that he would commit future crimes.

The district court listened to Gonzalez-Medina's arguments for a lesser sentence but found that a 30-month sentence was appropriate. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Gonzalez-Medina has not shown that his sentence was an abuse of discretion. *See id.*

AFFIRMED.