# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51070
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2016

Lyle W. Cayce
Clerk

SEALED APPELLEE,

Plaintiff-Appellee

v.

SEALED APPELLANT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-428-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant (Appellant) challenges the 63-month, within-guidelines sentence imposed following his guilty plea conviction for conspiracy to import, importation of, conspiracy to possess with intent to distribute, and possession with intent to distribute 500 grams or more of cocaine. He contends that his sentence is greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a) because the Sentencing Guideline, U.S.S.G. § 2D1.1, under which he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was sentenced is not empirically supported and bases culpability too heavily on the type and quantity of drug. He also argues that the sentence imposed was greater than necessary to encourage deterrence, given that he was a first time offender, and that the sentence does not give sufficient weight to his personal history and characteristics.

The challenge to the application of § 2D1.1 based on the lack of an empirical basis was not raised in the district court and is reviewed for plain error. *United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003). To establish plain error, Appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Appellant's preserved challenge as to the substantive reasonableness of his sentence based on his personal history and characteristics is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

We have repeatedly rejected the argument that the presumption of reasonableness should not apply because a guideline provision lacks an empirical basis. *See United States v. Duarte*, 569 F.3d 528, 530–31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009); *United States v. Gonzalez-Medina*, 547 F. App'x 574, 574 (5th Cir. 2013). Accordingly, Appellant has not shown error, much less plain error with respect to this issue. *Puckett,* 556 U.S. at 135. Furthermore, with regard to Appellant's claim that his sentence did not reflect his personal history and circumstances, the record shows that the district court considered his arguments for a below-guidelines sentence and determined that a sentence within the advisory guidelines range was proper. Appellant does not challenge

No. 15-51070

the calculation of the guidelines range.  We give "great deference" to a properly calculated, within-guidelines sentence, *see United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005), and Appellant has not demonstrated that the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  His assertions on appeal are insufficient to rebut the presumption of reasonableness.  *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  The district court did not abuse its discretion.  *Gall*, 552 U.S. at 51.

Accordingly, the judgment of the district court is AFFIRMED.